OFFICE OF [PLEASE RETURN]
THE ATTORNEY GENERAL
AUSTIN, TEXAS [Central File Room]



PRICE DANIEL
ATTORNEY GENERAL

March 31, 1948 [Attorney General] [FAGAN DICKSON]
FIRST ASSISTANT

Hon. R. L. Whitehead
Criminal District Attorney
124th Judicial District
Longview, Texas

Opinion No. V-531

Re: Effect of school con-
solidation election
held under Article
2806, V. C. S., as
amended, where one or
more districts vote
against proposition.

Dear Sir:

  We refer to your recent letter wherein you ad-
vise that there is to be held in Gregg County an elec-
tion, under Article 2806, V. C. S., as amended, to de-
termine whether four common school districts will be
consolidated into one district. You request our opin-
ion on the following question:

  If two of the districts vote in favor
of the consolidation and the other two against
it, would the effect of the election be to con-
solidate the two districts who voted in favor
thereof?

  Article 2806, V. C. S., as amended, provides,
in part:

  "On the petition of twenty (20) or a
majority of the legally qualified voters
of each of several contiguous common school
districts, or contiguous independent school
districts, praying for the consolidation of
such districts for school purposes, the Coun-
ty Judge shall issue an order for an election
to be held on the same day in each such dis-
trict. The County Judge shall give notice
of the date of such elections by publication
of the order in some newspaper published in
the county for twenty (20) days prior to
the date on which such elections are order-
ed, or by posting a notice of such elections
in each of the districts, or by both such

publication and posted notice. The Com-
missioners' Court shall, at its next meet-
ing, canvass the returns of such elections,
and if the votes cast in each and all dis-
tricts show a majority in each district vot-
ing separately in favor of such consolida-
tion, the Court shall declare the school
districts consolidated. " (Emphasis ours)

Under the express provisions of said statute
the consolidation of the four districts in question can
be effected only when the proposed consolidation has
carried by a majority vote in each district at an elec-
tion held separately in each of the interested school
districts.  McGehee v. Boedeker, 200 S. W. (2d) 697;
State v. Lester, 50 S. W. (2d) 386, writ refused; Con-
solidated Common School Districts No. 5 v. Wood, 112
S. W. (2d) 231.

The proposed election being called on the pro-
position and for the determination of whether four cer-
tain contiguous common school districts shall be consol-
idated to form a single new consolidated school district,
the Commissioners' Court would be without authority to
declare a consolidation of any less number of districts
than the four voting at the same election.  Such action,
if attempted, would clearly be at variance with the very
purpose for which the election was called and with the
petition which vests authority in the County Judge to
call an election only for the consolidation of the four
designated contiguous common school districts.  Under
Article 2806, the County Judge and Commissioners' Court
are given express independent duties to perform; and
neither has any other power, function, or duties than
those specified in relation to such election.  McLemore
v. Stanford, 176 S. W. (2d) 770.

### SUMMARY

An election being called under Article
2806, V. C. S., as amended, for the consoli-
dation of four contiguous school districts,
wherein two districts vote in favor of and
two against consolidation, the Commissioners'

Court would be without authority to declare consolidated the two districts voting therefor.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _Chester F. Ollison_

CEO:mw

Chester E. Ollison
Assistant

APPROVED:

_Price Daniel_

ATTORNEY GENERAL